# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEE WOLCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF RABBIS OF NO. & SO. CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00936-DAD-JLT (PC)<br><br>**ORDER WITHDRAWING THE NOVEMBER 9, 2015 FINDINGS AND RECOMMENDATIONS AND GRANTING LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>**(Doc. 18)**<br><br>**60-DAY DEADLINE** |

**I.    Background**

The Court screened Plaintiff's Second Amended Complaint ("SAC") and issued a findings and recommendation to dismiss it because it did not to state any cognizable claims. (Doc. 18.) In his objections, Plaintiff requested to be allowed to proceed on the claims the Court previously found to be cognizable in the First Amended Complaint ("FAC").[1] (Doc. 22.) However, once filed, the SAC superceded the FAC. *See Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc).

Accordingly, the November 9, 2015 findings and recommendations will be vacated and Plaintiff is granted leave to file a third amended complaint, **no more than 20 pages in length**,

---

[1] Plaintiff's arguments that he should be allowed to proceed on claims pertaining to his inability to convert to Judaism are addressed in concurrently issued findings and recommendations.

1

**restricted *solely* to the claims in the FAC which the Court found to be cognizable**.

The legal standards are restated herein for Plaintiff's use. Likewise, the Court provides a summary of Plaintiff's allegations in the FAC upon which the Court relied in finding those earlier claims to be cognizable. This is **absolutely the final opportunity** for Plaintiff to amend his pleading in this case, which has been pending for nearly two years.

### A. Plaintiff's Allegations

In the FAC, Plaintiff alleged that Warden Allison placed a substantial burden on his religious exercise violating Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment by not allowing him to possess the Tallit Katan and Tefillin. (Doc. 13, FAC, at 21:2-5.) Plaintiff further alleged that Associate Warden Reynoso partially granted his inmate appeal on this issue, stating that Tefillin and Tallit Katan were now authorized for chapel use. (*Id.*, at 21:6-19.) Plaintiff also alleged that Associate Warden Reynoso substantially burdened Plaintiff's exercise of his religion in violation of RLUIPA and the First Amendment by not allowing inmates to possess Tefillin and Tallit Katan since chapel is only one day a week and takes place well after morning prayers, for which they are required. (*Id.*)

The Court found these allegations stated cognizable claims against Defendants Warden Allison and Associate Warden Reynoso for violation of Plaintiff's right to freely exercise his religion under the First Amendment and RLUIPA, but neither stated a cognizable claim under the Establishment Clause nor showed invidious discriminatory animus to support a claim under the Equal Protection Clause of the Fourteenth Amendment. (Doc. 15, p. 26.)

### B. Legal Standards

The below legal standards for the claims Plaintiff is attempting to state were specifically stated in the order that screened the FAC. (Doc. 15.) They are once again restated herein since pivotal to the dismissal of these claims with prejudice and in the hopes that by doing so, Plaintiff may be assisted in understanding why he cannot pursue claims under § 1983 from this no doubt heart-wrenching ordeal.

#### 1. Religion

Prisoners "do not forfeit all constitutional protections by reason of their conviction and

confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam)). However, " '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " *Id*. (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).

As discussed in greater detail below, claims for violation of the Free Exercise Clause of the First Amendment, RLUIPA, and the Establishment Clause are used to challenge state or government statutes, regulations, and/or established policies. Thus, in order to state a cognizable claim for their violation, a plaintiff must identify an allegedly offending statute, regulation, or established policy. Claims regarding independent actions by state actors who are not following a statute, regulation, or established policy are not cognizable under § 1983 for violation of a plaintiff's rights under the Free Exercise Clause, RLUIPA, or the Establishment Clause. However, a cognizable claim may be stated for violation of a Plaintiff's rights under the Equal Protection Clause for discriminatory actions by individual state actors who are not following a statute, regulation, or established policy.

**a. First Amendment -- Free Exercise**

The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, *Everson v. Bd. of Educ. of Ewing Twp.*, 330 U.S. 1, 8 (1947), "prohibits government from making a law 'prohibiting the free exercise [of religion].' " *Cruz*, 405 U.S. at 322 (alteration in original). A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. *O'Lone*, 482 U.S. at 348.

A prison regulation may therefore impinge upon an inmate's right to exercise his religion if the regulation is "reasonably related to legitimate penological interests." *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (citations omitted). In contesting the validity of a prison regulation, an inmate must also show that his religious practice is "sincerely held" and "rooted in religious belief." *Id.* at 884-85. For screening purposes, it is assumed that Plaintiff's Jewish belief is

sincerely held and the practices he desires are rooted in his Jewish beliefs.

### b. RLUIPA

A prisoner's ability to freely exercise his religion is also protected by the RLUIPA. 42 U.S.C. § 2000cc-1. Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government shows that the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering . . . that interest." 42 U.S.C. § 2000cc–1(a) (2012). "While [RLUIPA] adopts a compelling governmental interest standard, [c]ontext matters in the application of that standard." *Cutter v. Wilkinson*, 544 U.S. 709, 722–23 (2005) (alteration in original) (internal quotation and citation omitted). Thus, "[c]ourts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing *Cutter*, 544 U.S. at 723) (internal quotation marks omitted).

Under RLUIPA, plaintiffs bear the initial burden of persuasion on whether the Policy "substantially burdens" their "exercise of religion." § 2000cc–2(b). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A). A "substantial burden" occurs "where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir.2005) (alteration in original) (quotation omitted).

Damages claims are not available under the RLUIPA against prison officials in their individual capacity, *Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014); nor in their official capacity because of sovereign immunity, *Sossamon v. Texas*, --- U.S. ---, 131 S.Ct. 1651 (2011); *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012).

///

**(i.) Non-ceremonial artifacts**

Plaintiff alleged in the FAC that prior to 2008, inmates were allowed to possess the Tefillin in their cells, but that sometime later, for unknown reasons, prison officials prohibited their possession. (Doc. 13, 20:8-23.) Since August of 2008, Kippahs were not allowed to be worn while in the Dining Hall and possession of the Tallit Katan and Tefillin were denied completely. (*Id.*) Kippah and Tallit Katan are to be worn at all times as a sign of respect and humility before God and as a reminder to obey God's commandments. (*Id.*) Tefillin are worn during the weekdays in conjunction with the recitation of morning prayers. (*Id.*) Chaplin Sharon was asked to speak with the warden about their importance and he provided a copy of the memorandum that previously allowed inmates to possess Tefillin. (*Id.*, at 20:24-27.) Warden Allison subsequently issued a memorandum that Jewish inmates may wear their Kippahs at all times, but inmates could not possess the Tallit Katan and Tefillin in their cells. (*Id.*, at 20:27-21:2.) Plaintiff alleged that Warden Allison placed a substantial burden on his religious exercise violating RLUIPA and the First Amendment by not allowing him to possess the Tallit Katan and Tefillin. (*Id.*, at 21:2-5.) Plaintiff claimed that Associate Warden Reynoso partially granted his inmate appeal on this issue, stating that Tefillin and Tallit Katan were now authorized for chapel use. (*Id.*, at 21:6-19.) Associate Warden Reynoso substantially burdened Plaintiff's exercise of his religion in violation of RLUIPA and the First Amendment by not allowing inmates to possess Tefillin and Tallit Katan since chapel is only one day a week and takes place well after morning prayers, for which they are required.

The Court found these allegations in the FAC to state cognizable claims against Defendants Warden Allison and Associate Warden Reynoso for violation of Plaintiff's right to freely exercise his religion under the First Amendment and RLUIPA. However, the allegations did not state a cognizable claim under the Establishment Clause or demonstrate invidious discriminatory animus necessary to support a claim under the Equal Protection Clause of the Fourteenth Amendment. (*See* Doc. 15, 25:16-26:15.)

**II.     CONCLUSION**

Plaintiff is given leave to file a third amended complaint restricted to his claims against

Defendants Warden Allison and Associate Warden Reynoso for violation of Plaintiff's right to freely exercise his religion under the First Amendment and RLUIPA regarding Plaintiff's ability to possess the Tefillin and the Tallit Katan.  A third amended complaint **must not exceed 20 pages** and must be filed within 30 days of the service of this order.

Plaintiff is reminded that an amended complaint, must demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  An amended complaint must also allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's third amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further informed that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to [any] prior or superceded pleading," Local Rule 220.  However, Plaintiff would do well to either simply copy the FAC, draw a line through the word "First" and write the word "Third," or copy his allegations against Defendants Warden Allison and Associate Warden Reynoso as stated in the FAC directly into his third amended complaint.

The Court provides Plaintiff with on final opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims or defendants in a third amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Any third amended

complaint, **must be no more than 20 pages in length.**

Based on the foregoing, the Court **ORDERS**:

1. The Findings and Recommendation, that issued on November 9, 2015 (Doc. 18), to dismiss this action in its entirety are **WITHDRAWN;**
2. Plaintiff is granted leave to file a third amended complaint, restricted to the claims as discussed herein which were previously found cognizable in the First Amended Complaint;
3. The Clerk's Office is DIRECTED to send Plaintiff a civil rights complaint form;
4. **Within 60 days** from the date of service of this order, Plaintiff must either:
    a. file a third amended complaint; or
    b. file a notice of voluntary dismissal.

**<u>If Plaintiff fails to comply with this order, a recommendation will issue for this action to be dismissed for failure to obey a court order.</u>**

IT IS SO ORDERED.

Dated:   **April 28, 2016**                                    **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE