# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEE WOLCOTT,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF RABBIS OF NORTHERN AND SOUTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:14-cv-00936-DAD-JLT (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE** |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §1983. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a settlement conference at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9 on April 24, 2019 at 11:00 a.m. The Court will issue the necessary transportation order in due course. Accordingly, the Court **ORDERS**:

1. This case is set for a settlement conference before Magistrate Judge Stanley A. Boone on April 24, 2019, at 11:00 a.m. at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9.

2. A representative with authority to negotiate and enter into a binding settlement on the defendant's behalf shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to

1

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a confidential settlement statement no later than April 17, 2019 to the following email address: saborders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Stanley A. Boone, USDC CAED, 2500 Tulare Street, Fresno, California 93721 so it arrives no later than April 17, 2019. The envelope shall be marked "Confidential Settlement Statement". Parties shall also file a "Notice of Submission of Confidential Settlement Statement" (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **or served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in

---

order parties, including the federal government, to participate in mandatory settlement conferences. . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The individuals attending the mediation conference must be authorized to fully explore settlement options and to commit to settlement terms acceptable to the parties, even if the settlement must be approved later by a board or governmental body. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2

dispute.

c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

f. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) is applicable.

IT IS SO ORDERED.

Dated: __March 21, 2019__   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE